IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Stephen Guthrie, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  17 C 1390 |
| Global Credit & Collection Corp., a Delaware corporation and Velocity Investments, LLC, a New Jersey limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Stephen Guthrie, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Stephen Guthrie ("Guthrie"), is a citizen of the State of Alabama, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed for an auto loan.

4. Defendant, Global Credit & Collection Corp. ("Global"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Chicago, Illinois, Global operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumer in Illinois. In fact, Defendant Global was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Velocity Investments, LLC ("Velocity"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Velocity operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Velocity was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Velocity is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants Global and Velocity were authorized to conduct business in Illinois at the time the collection actions at issue took place, and maintained registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants Global and Velocity conduct business in Illinois.

8. Moreover, Defendants Global and Velocity are licensed as collection

agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Global and Velocity act as debt collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Due to the tough economic times, Mr. Guthrie fell behind in paying the loan that he owed to CitiFinancial Auto for the purchase of his truck, and he was unable to make any payments after July, 2011. Accordingly, he voluntarily surrendered the vehicle and it was disposed of by the then-servicer of the loan, Santander Consumer USA, on December 28, 2011, which left Mr. Guthrie with a deficiency. Sometime thereafter, the debt was allegedly purchased/obtained by Velocity Investments, which began trying to collect upon it.

10. Ultimately, Velocity sued Mr. Guthrie in September 22, 2015, in Alabama state court in a matter styled Velocity Investments v. Guthrie, No. 64-DV-2015-900187.00 (Walker County, Alabama), but that suit was untimely and it was dismissed, with prejudice, on January 21, 2016. Specifically, the lawsuit was time-barred pursuant to Alabama Code § 7-2-725 (four years from the date of the last payment).

11. Undeterred, Velocity then had another debt collector Asset Recovery Solutions demand payment of the debt from Mr. Guthrie by sending him a collection letter, dated September 9, 2016.

12. Accordingly, Mr. Guthrie filed a lawsuit against Velocity and ARS on November 17, 2016, for violating the FDCPA, in a matter styled Guthrie v. Asset Recovery Solutions and Velocity Investments, No. 16-cv-10689 (N.D. Ill.), which remains pending.

13. Nonetheless, Defendant Velocity had Defendant Global send Mr. Guthrie a collection letter, dated January 24, 2017, which failed to warn that the debt was time-barred and failed to warn that a payment could renew the statute of limitations, and which falsely stated that the "Original Creditor" of the account was Santander Consumer USA. A copy of this letter is attached as Exhibit C.

14. Defendants' collection actions constitute material violations of the FDCPA because they failed to disclose that the debt was time-barred. This lack of disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants could continue to demand payment, credit report the debt or sue them for it, and kept them in the dark that a payment could result in the debt becoming legally collectible.

15. Moreover, the identity of a consumer's original creditor is a critical piece of information, and the false identification of the creditor in a dunning letter would be likely to mislead a consumer in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, see, Tourgeman v. Collins Financial Services, 755 F.3f 1109, 1121 (9th Cir. 2014)

16. Defendants' collection actions complained of herein (Exhibit D) occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False, Deceptive Or Misleading Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

20. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA. See, McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014); and Buchanan v. Northland Group, 776 F.3d 393, 398-399 (6th Cir. 2015). By sending the collection letter (Exhibit C) for a debt that was time-barred, Defendants Global and Velocity violated § 1692e of the FDCPA.

21. Additionally, a false statement of the name of the original creditor is a materially misleading statement, which violates of § 1692e of the FDCPA, see, Tourgeman, 755 F.3d at 1122. By stating that Santander Consumer was the original creditor when, in fact, it was not, Defendants violated § 1692e of the FDCPA.

22. Defendants Global and Velocity's violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

23. Plaintiff adopts and realleges ¶¶ 1-17.

24. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §

5

1692f.

25. Defendants Global and Velocity, by attempting to collect a time-barred debt and stating the wrong name of the original creditor, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

26. Defendants Global and Velocity's violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

27. Plaintiff Guthrie brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendants Global and Velocity attempted to collect a delinquent time-barred CitiFinancial/ Santander Consumer vehicle loan debt, via the same form collection letter (Exhibit C), that Defendants Global and Velocity sent to Plaintiff, where the date of last payment is more than 4 years from the date of the collection letter, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants Global and Velocity's collection actions (sending collection letters on time-barred debts and stating the wrong name of the original creditor) violate the FDCPA, and asks that this Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

28. Defendants Global and Velocity regularly engage in debt collection, by sending collection letters to attempt to collect on debts which are beyond the statute of limitations.

29. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending collection letters on time-

barred debts.

30.     Plaintiff Guthrie's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

32.     Plaintiff Guthrie will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Guthrie has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Stephen Guthrie, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Guthrie as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' collection actions violate the FDCPA;

4. Enter judgment in favor of Plaintiff Guthrie and the Class, and against Defendants Global and Velocity, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Stephen Guthrie, individually and on behalf of all others similarly situated, demands trial by jury.

                                                                     Stephen Guthrie, individually and on behalf of all others similarly situated,

                                                                     By: /s/ David J. Philipps
                                                                     One of Plaintiff's Attorneys

Dated: February 23, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Ronald C. Sykstus   (Ill. Bar No. 6197436)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com